MARY FRANCES ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22707. Promulgated January 24, 1951.

*Anthony T. Antinozzi, Esq.*, for the petitioner.
*Paul P. Lipton, Esq.*, for the respondent.

166

OPINION.

VAN FOSSAN, *Judge:* On the above facts, petitioner asks us to find that she sustained a loss by theft in the amount of $2,400, the value of the brooch in question. (Section 23 (e) (3).) This, we are unable to do.

There is no question as to the credibility of the witnesses and, excepting the conclusions and inferences of fact, there is no dispute about the evidence. Stripped to essentials, the facts are that petitioner owned a brooch which she lost in some manner while visiting the Metropolitan Museum of Art in New York. She does not, and cannot, prove that the pin was stolen. All we know is that the brooch disappeared and was never found by, or returned to, petitioner.

Petitioner has the burden of proof. This includes presentation of proof which, absent positive proof, reasonably leads us to conclude that the article was stolen. If the reasonable inferences from the evidence point to theft, the proponent is entitled to prevail. If the contrary be true and reasonable inferences point to another conclusion, the proponent must fail. If the evidence is in equipoise preponderating neither to the one nor the other conclusion, petitioner has not carried her burden.

In the case at bar we cannot find as a fact that a theft occurred. The reasonable inferences from the evidence point otherwise. It is noted that there is no evidence as to the nature of the clasp by which the pin was fastened to petitioner's dress. We do not know whether it was a "safety clasp" or merely a simple clasp. Nor is there any evidence that petitioner was jostled in the crowd (the usual occurrence when a theft from the person is attempted). If the pin was properly equipped (as may be assumed from its value) with a safety clasp and securely fastened to petitioner's dress, the question arises as to how it could have been removed without damage to the dress, there being no testimony as to any such damage. If it were essential to the disposition of this case that we find either that the pin was

lost by theft or was lost by inadvertence, our finding on the record made would be that it was lost by some mischance or inadvertence—not by theft. The inference that such was true is the more readily drawn. However, we need not go so far. We need only hold that petitioner, who had the burden of proof, has not established that the loss was occasioned by theft, a *sine qua non* to a decision in her favor under section 23 (e) (3).

We see no merit in petitioner's argument based on the New York Criminal Statutes which hold that the finder of a lost article shall report the finding and make certain efforts toward locating the owner. These statutes are neither binding nor persuasive here. There is no evidence that the pin was ever found and thus the New York statute could not be invoked against anyone. This argument but emphasizes the lack of proof which characterizes the record in this case.

We sustain the respondent's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

OPPER, *J.*, dissenting: As the hearer of the evidence, I would find the fact to be that petitioner's brooch was stolen. I would do so for the very reason that the Court now finds otherwise; that is, that of all the possibilities, the most probable is a loss by theft.

This conclusion presupposes that we believe the testimony of the witnesses. Having heard them testify, I have no reservations in this respect. If the evidence is believed, petitioner had the brooch pinned on her dress at about 4:30 in the afternoon. She was present only in well lighted rooms so constructed that no article could reasonably be lost—especially in view of the subsequent search which the record shows. At 5 o'clock she discovered that the brooch was missing, having in the meantime mingled with a crowd of 5,000 people preparing to leave the museum.

Accepting this evidence, the three possibilities are thus: that the brooch dropped off and has never been found; that it was found but not turned in, and that it was stolen by some person in the crowd. The first may be disregarded as not a reasonable probability; the second would be impossible if the finder were honest. It assumes a virtual concealment which in the case of so valuable an object would actually amount to a theft. Taken with the third, it necessarily points to theft as the only reasonable cause of disappearance.

The suggestion that failure to show the condition of the clasp is fatal to petitioner's case seems to me to prove too much. If the clasp were so difficult to open as to make its removal unlikely, it is even

more improbable that it could have fallen off by itself; and if it could open accidentally so as to allow the brooch to fall off, it must have been easy game for a competent sneak thief. Since the clasp in any condition would make removal more likely than mere accidental opening, it is only on the assumption that she was not being candid that petitioner's failure to produce such evidence could be the ground for the result now reached.

Absolute proof by an eye witness is so improbable that the burden now being imposed upon taxpayers virtually repeals *pro tanto* section 23 (e) (3). Ever since *Appeal of Howard J. Simons*, in 1 B. T. A. at page 351, the rule has been otherwise. Without regard to the New York penal law, to which, however, resort would appear to be authorized by the precedents,[1] the probabilities of theft have been demonstrated as completely as such circumstances could ever permit. I see no reason now for departing from principles so well settled and so long established.

LEECH and TIETJENS, *JJ.*, agree with this dissent.

[1] *Morris Plan Co. of St. Joseph*, 42 B. T. A. 1190, 1195; *Earle v. Commissioner*, (CCA-2) 72 Fed. (2d) 366.