WARNER L. JONES AND ETHEL C. JONES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49668.    Filed June 29, 1955.

*J. Arthur Leve, Esq.*, for the petitioners.
*James J. Quinn, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN, *Judge:* The question presented involves two factors—whether the pin in question was in fact stolen, and if so, its basis in the hands of the donor. It is respondent's contention with regard to the first factor that the facts adduced on the record do not offer a basis for drawing a logical inference that the pin was lost by theft. To support such position, respondent relies heavily upon our opinion in *Mary Frances Allen*, 16 T. C. 163.

The case so relied upon is clearly distinguishable from the one before us. There, the taxpayer lost a brooch while visiting the Metropolitan Museum of Art in New York. She was wearing the brooch at the time she entered the Museum, and was noticed to have been wearing it some time later while conversing with a friend there. It was not until she was departing therefrom that she noticed she no longer had the brooch in her possession. An immediate retracing of her steps and a diligent search of the rooms in which she was known to have visited during the afternoon were to no avail. The brooch was never found. There was no evidence as to the nature of the clasp by which the brooch was fastened to the taxpayer's dress—whether a "safety clasp" or a single clasp—nor that it had been actually removed therefrom by some unknown person. All that was shown was that the brooch disappeared, was never found by, nor returned to, the taxpayer.

In approving respondent's disallowance of the deduction claimed in that case, we said, in part, that:

Petitioner has the burden of proof. This includes presentation of proof which, absent positive proof, reasonably leads us to conclude that the article was stolen. If the reasonable inferences from the evidence point to theft, the proponent is entitled to prevail. If the contrary be true and reasonable inferences point to another conclusion, the proponent must fail. If the evidence is in equipoise preponderating neither to the one nor the other conclusion, petitioner has not carried her burden.

Applying the foregoing rationale to the instant case, we have found facts showing that the pin in question, at all times material, was kept

in Ethel's home in a locked apartment, the key to which was available to her maid; that the pin and certain articles of women's clothing were found to be missing therefrom upon her return from her temporary stay in New York and short trip to Boston; that the lock on the compartment showed no signs of having been forced or otherwise tampered with; and that the maid had departed. The reasonable inference to be drawn from such facts points to the conclusion that the pin was removed from its place of safe keeping by some unauthorized person who gained access thereto with the key kept in petitioner's dressing table. Whether such person was in fact Ethel's maid is immaterial. The fact remains that the pin's loss was occasioned by circumstances clearly indicating theft.

Respondent further argues, however, that, even if the foregoing be true, petitioners have failed to produce evidence from which the cost basis, or value of the pin, at the time of its acquisition by Wanamaker can be determined pursuant to section 113 (a) (2), Internal Revenue Code of 1939.[1] We disagree.

While it be true that there is no evidence as to the cost of the pin to Wanamaker, the pin was not without a fair market value at that time and under the statute such fair market value shall be used in determining the basis of such property for tax purposes. In this respect, the facts found herein show that, shortly after her receipt of the pin as a wedding gift, in or about the year 1925, Ethel had it appraised for purposes of having it insured. At the time, it was appraised at a value of approximately $3,000, and, on the basis thereof, was so insured.

A well qualified diamond expert testified as to the value of the pin. However, there was no testimony as to what Wanamaker paid for the pin or when he acquired it or as to its fair market value when acquired by him or the last preceding owner who had not acquired it by gift.

Using our best judgment on the entire record, it is our opinion that the basis of the pin to the donor was $1,500 and the value at the time

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

&ast; &ast; &ast; &ast; &ast; &ast;

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that if such basis (adjusted for the period prior to the date of the gift as provided in subsection (b)) is greater than the fair market value of the property at the time of the gift, then for the purpose of determining loss the basis shall be such fair market value. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

of the gift was not less than such amount. Petitioners received partial reimbursement on a floater insurance policy in the amount of $250. Thus, the proper deduction to be allowed is in the amount of $1,250, and we so hold.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BRUCE, *J.*, dissents.

---

OPPER, *J.*, concurring: I cannot distinguish these facts in principle from those in *Mary Frances Allen*, 16 T. C. 163. But since that case seems to me to have been incorrectly decided, I agree with the present result.