Lloyd and Pauline Farrior v. Commissioner.
Farrior v. Commissioner
Docket No. 1412-70 SC.
United States Tax Court
T.C. Memo 1970-312; 1970 Tax Ct. Memo LEXIS 49; 29 T.C.M. (CCH) 1435; T.C.M. (RIA) 70312; November 12, 1970 Filed Lloyd Farrior, pro se, 320 Bradford St., Brooklyn, N. Y. Kimball K. Ross, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $357.42 in petitioners' income tax for the taxable year 1967. The issues before us concern the disallowance of: (1) interest expenses in the amount of $458.28; (2) $100 for work clothes; and (3) $1,388.87 in theft losses. Petitioners had their legal residence in Brooklyn, New York, at the time the petition *50 herein was filed. 1436 Petitioners claimed a deduction of $617.44 for interest expense on their 1967 return. The Commissioner determined that only $159.16 was actually paid during 1967 and disallowed the balance of the amount claimed. During the year in question, Mr. Farrior was a road car inspector for Port Authority Trans Hudson (PATH) and was required to wear an identifiable uniform which he had to pay for out of his own pocket. The work clothes in question consisted of six shirts with PATH emblem arm bands sewn on. The arm bands were not removable unless the threads were taken out. Mr. Farrior wore a fresh shirt to work every day and never wore the shirts outside of work. Such shirts were not suitable for everyday wear. Petitioners claimed a deduction of $125 for the cost of the shirts and their cleaning. The Commissioner disallowed $100 of this amount. During 1967, the petitioners' apartment was broken into and $433.87 in cash, an engagement ring, a wedding band, and a television set were stolen. The thefts were discovered immediately. The television set was a black and white Motorola which was purchased in 1966, approximately one year before the theft, for $280. *51 The engagement ring consisted of two small diamonds in a setting of 18-carat gold. The wedding band was also gold, with several very small diamonds set in it. Both rings were originally purchased by Mr. Farrior's paternal grandparents, who gave them to his father, who, in turn, gave them to the petitioner. Our determinations of the factual questions involved herein have been made aginst the backdrop of the well-established rule that the burden of proof is on the petitioner. Welch v. Helvering [3 USTC 1164], 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.
Interest expense. Since petitioners failed to present any evidence to substantiate their expenditure of the claimed amount disallowed by respondent we sustain his detemination that $458.28 is not deductible. Work clothes. We find that petitioners incurred and paid expenses of $100 for the acquisition and maintenance of the six shirts required as a condition of Mr. Farrior's employment. Consequently, we hold that these expenses are deductible under section 162(a), I.R.C. 1954, as ordinary and necessary expenses incurred during the taxable year in carrying on petitioner's trade as a road car inspector *52 for PATH. Cf. Jerome Mortrud, 44 T.C. 208, 216 (1965); Rev. Rul. 70-474, 1970-37 I.R.B. 6. Therefore, only $25 should have been disallowed by the respondent. Theft losses. The final issue for our determination concerns the respondent's disallowance of theft losses in the amount of $1,388.87. We have found that the items in question - cash, rings, and a television set - were stolen. Thus, the requirement of the event of a loss under section 165 has been satisfied and we are left with the question of the measure of the loss. As to the cash, there is no problem. The measure is the amount thereof, to wit, $433.87. As to the rings and the television set, the measure of petitioners' loss is limited to the lesser of the fair market value immediately before the theft or the adjusted basis for determining loss on a sale or other disposition. See sections 1.165-7(b)(1) and 1.165-8(c), Income Tax Regs.
The television set was one year old and originally cost $280. Obviously, it was worth less than that at the time of the theft. We find that its fair market value at that time was $175 and we hold that this is the measure of petitioners' deduction. With regard to *53 the rings, we have exercised our best judgment in light of the facts revealed by the record and find that the fair market value thereof at the time of the theft was $600 and that the adjusted basis thereof to petitioners was not less than such amount. Warner L. Jones, 24 T.C. 525 (1955). Accordingly, we hold that petitioners are entitled to an equivalent deduction. In view of the foregoing, an aggregate amount of $1,108.87 ($1,208.87 less the $100 exclusion provided by section 165(c)) is deductible. Decision will be entered under Rule 50.