DONALD BODINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bodine v. Commissioner
Docket No. 5444-75.
United States Tax Court
T.C. Memo 1978-340; 1978 Tax Ct. Memo LEXIS 175; 37 T.C.M. (CCH) 1411; T.C.M. (RIA) 78340; August 29, 1978, Filed *175 (1) P, an air traffic controller, deducted amounts claimed to be travel expenses incurred on work-related trips. Held, P failed to prove that such expenses were ordinary and necessary business expenses and failed to subtantiate the amounts claimed; thus, P cannot deduct such expenses. Secs. 162(a), 274(d), I.R.C. 1954. (2) P's former wife, a teacher, obtained her master's degree in 1973 as a condition of her continued employment. No money was paid to the university in 1973 for her education. Held, P cannot deduct any amount for educational expenses in 1973. Sec. 162(a). (3) P deducted amounts as charitable contributions in 1973 and proved that some of the contributions claimed were actually made, but not the amounts thereof. Held, P is entitled to deduct part of the charitable contributions claimed in 1973. Sec. 170(c), I.R.C. 1954. (4) P deducted amounts as theft losses in 1973 but failed to prove that all the items claimed were actually stolen or the value of the stolen items. Held, P is entitled to deduct part of the theft losses claimed in 1973. Sec. 165(c), I.R.C. 1954. Donald Bodine, pro se. Kevin C. Reilly, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 2,047.12 in the petitioner's Federal income tax for 1973. The issues presented for decision are: (1) Whether the petitioner can deduct claimed travel expenses for work-related trips; (2) whether he can deduct educational expenses for his former wife's master's degree program; (3) whether he can deduct the amounts claimed as charitable contributions in 1973; and (4) whether he can deduct the amount claimed as a theft loss in 1973. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Donald Bodine, maintained his legal residence in Hempstead, N.Y., at the time he filed his petition *179 in this case. He filed a joint Federal income tax return for the calendar year 1973 with his former wife, Doris Bodine. During 1973, Mr. Bodine worked as an air traffic control specialist for the Federal Aviation Administration (FAA). He participated in the Air Carrier Flight Familiarization Program conducted by the FAA. The program is designed to enable the controller to explain certain procedures to the pilots and to allow the controller to learn how the airplane crew operates. The carriers permit the controller to ride, without charge, with the crew in the cockpit on these flights. Participation in this program by the controllers is voluntary. In 1973, in accordance with such program, Mr. Bodine made three flights to Washington, D.C., two to Albany, N.Y., and one to Detroit, Mich.; all of these flights originated in New York, N.Y. The flying time between these cities and New York was short, and there were return flights each day. On each of these flights, there was no business consideration preventing Mr. Bodine from returning to New York, N.Y., on the same day. On such trips, Mr. Bodine remained overnight in the city of his destination. He visited friends in Washington *180 and Detroit when he flew to those cities. On the trips to Washington, Mr. Bodine discussed FAA business with his friends, who were also air traffic controllers; he met with them at their homes and officers. However, he was not instructed by his supervisors to meet with these individuals. On one trip to Albany, he explained new procedures to the pilots on the flight. In addition, Mr. Bodine attended the Professional Air Traffic Controllers Convention in Hawaii in 1973. He deducted $ 1,390 in 1973 for expenses incurred in connection with such trips. The entire amount of the deduction was disallowed by the Commissioner. Doris Bodine, the former wife of the petitioner, was an elementary school teacher and was employed by the Board of Education of the City of New York from 1969 to 1970. She was on maternity leave from September 1970 to September 1973, but she worked as a substitute teacher during the first half of 1973 and resumed full employment in September 1973. Mrs. Bodine obtained her bachelor's degree in 1969 and attended the New York University School of Education (NYU) from 1971 through 1973 to obtain her master's degree, which she received in 1973. She received her *181 State teaching certificate and her original City teaching certificate, which was temporary, in 1969. Under requirements imposed by the City and State of New York, a teacher had 5 years from the time she was initially certified to obtain her master's degree. A teacher who did not obtain this degree within 5 years would have her license revoked or lose her job. Mrs. Bodine's tuition at NYU for the term beginning in the fall of 1972 cost $ 1,162; half was paid by her, and half was furnished by a scholarship. This money was paid to NYU in 1972; no money was paid to NYU for Mrs. Bodine's education during 1973. Mr. Bodine deducted $ 1,960 as an educational expense in 1973; the entire amount of the deduction was disallowed by the Commissioner. Mr. Bodine deducted $ 1,526 for charitable contributions during 1973. The entire amount of this deduction was disallowed by the Commissioner. Finally, Mr. Bodine deducted $ 2,680 as a theft loss in 1973. The entire amount of this deduction was disallowed by the Commissioner.
OPINION The first issue for our decision is whether the petitioner can deduct $ 1,390 which he claimed for travel expenses incurred on work-related trips. *182 Section 162(a)(2) of the Internal Revenue Code of 1954[1] allows a deduction for ordinary and necessary business expenses, including travel expenses incurred while away from home in pursuit of a trade or business. However, such deductions are limited by section 262 which denies deductions for personal, living, or family expenses. Bodzin v. Commissioner,509 F. 2d 679, 681 (4th Cir. 1975), revg. 60 T.C. 820 (1973), cert. denied 423 U.S. 825 (1975); Sharon v. Commissioner,66 T.C. 515, 522-523 (1976), on appeal (9th Cir., Dec. 20, 1976). The petitioner has the burden of proving that the expenses claimed are of a business rather than a personal nature. Whether an expense is an ordinary and necessary business expense is a question of fact. Commissioner v. Heininger,320 U.S. 467, 470 (1943). After reviewing the evidence presented by the petitioner, we are not convinced that such expenses were incurred for business *183 reasons. The expenses at issue were the costs of Mr. Bodine remaining overnight on each of his familiarization flights. On four of the six familiarization flights, he flew to cities where he visited friends; they met him at the airport, and he saw them at their homes and offices. The petitioner had no official business to conduct in such locations, and he could offer no details of what business was discussed. Furthermore, the petitioner remained overnight in the city of his destination on all such trips even though he admitted that he could have arranged to return on another flight that same day and that return flights were available. Thus, the petitioner's decision to remain overnight was a personal one, and the expenses incurred therefor were personal expenses. In connection with the petitioner's claimed deduction of expenses for traveling to and attending the Air Traffic Controllers Convention in Hawaii, he also has the burden of proving that he attended such convention for business reasons, and he has furnished no evidence to establish such fact. Moreover, even if the petitioner had proven business purpose for these various trips, a deduction could not be allowed. *184 Section 274(d) provides that no deduction shall be allowed for travel expenses under section 162 unless the taxpayer substantiates by adequate records or other sufficient evidence the amount, time, place, and purpose of the expense. Sec. 1.274-5(b)(2), Income Tax Regs. To meet the adequate records requirement of section 274(d), the regulations must be followed. Buddy Schoellkopf Products, Inc. v. Commissioner,65 T.C. 640, 643 (1975); Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Even the "other sufficient evidence" which a taxpayer may use to substantiate his expenses must establish all the statutory elements with precision and particularity. Hughes v. Commissioner,451 F. 2d 975, 979 (2d Cir. 1971), affg. a Memorandum Opinion of this Court. The regulations set out the specific requirements for substantiating expenses; however, it is unnecessary to consider them in detail here, since the petitioner has presented no evidence at all to substantiate *185 his expenses. Instead, he has admitted that the expenses claimed are merely estimates of what he spent on these trips. The situation is analogous to that in Buddy Schoellkopf Products, Inc. v. Commissioner,supra at 644, where the Court stated, in the absence of substantiation: The regulations thus envision specific evidence about the activities that give rise to an expense. The record here is devoid of such specifics. In fact, no evidence of any particular individual travel expense appears in the record. [Footnote omitted; emphasis in original.] Moreover, both the language of section 274(d) and the legislative history of such section prevent this Court from allowing deductions based on estimates of such expenses; such provision was intended to overrule the use of the principles of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), in cases involving travel expense deductions. H. Rep. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741; *186 Sanford v. Commissioner,supra; Ashby v. Commissioner,50 T.C. 409 (1968).Thus, the petitioner has not met the substantiation requirements imposed by section 274(d) and cannot deduct any of the claimed travel expenses incurred on trips made in 1973. The next issue for our decision is whether the petitioner can deduct $ 1,960 as an educational expense in 1973 for courses in a master's degree program taken by Mrs. Bodine. Section 162(a) allows a deduction for all the ordinary and necessary expenses of carrying on a trade or business, and section 1.162-5 of the Income Tax Regulations allows a deduction under section 162(a) for educational expenses if the education maintains or improves the skills of the taxpayer in his trade or business or meets the express requirements of the employer. However, the evidence clearly shows that no money was paid to NYU in 1973 for Mrs. Bodine's education; the payments for education received in 1972 and 1973 were made in 1972. Whether the petitioner may deduct such expenses in 1972 is not now before this Court. [2] Consequently, the petitioner cannot deduct any amount for educational *187 expenses in 1973.
The next issue for our decision is whether the petitioner can deduct $ 1,526 for charitable contributions in 1973. Section 170(a) allows deductions for charitable contributions, and section 170(c) defines charitable contributions generally as contributions to organizations with religious, charitable, scientific, literary, and educational purposes. The petitioner has the burden of proof, and he must prove that the Commissioner's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Wickwire v. Reinecke,275 U.S. 101 (1927); Rule 142(a), Tax Court Rules of Practice and Procedure.
In the case before us, the petitioner claimed that he contributed to seven different charitable organizations in 1973. He presented no receipts or other documentary evidence concerning any of these contributions. The only corroborative evidence introduced consisted of the testimony of Mrs. Bodine, who stated *188 that contributions were made to four of the organizations claimed by the petitioner: $ 50 to the Girl Scouts, old clothing to the Salvation Army, weekly cash donations to the church, and money to the Sickle Cell group. There was an apparently strained relationship between Mr. and Mrs. Bodine, and it appeared that they had had no discussions concerning her testimony beforehand; accordingly, we are inclined to give great weight to her testimony and find that contributions were made to the four organizations identified by her. The testimony of the petitioner and Mrs. Bodine did not contain sufficient details to substantiate the amounts given to such organizations. Consequently, to determine the amounts given to such groups, we must use the Cohan rule, bearing heavily against the petitioner since he had the burden of proving the amount of such contributions. We have concluded that $ 50 was given to the Sickle Cell group, $ 50 to the Girl Scouts, $ 200 in weekly cash donations to the church, and $ 50 in used clothing and other items to the Salvation Army. The petitioner also claimed to have made contributions to the church building fund, to the Red Cross, and to the United *189 Negro College Fund. He presented no evidence to show that such contributions were actually made or the amounts thereof. The petitioner's testimony was ambiguous and wholly unsupported; such evidence does not convince us that he made such contributions. See Hollman v. Commissioner,38 T.C. 251, 261 (1962). We cannot even apply the Cohan rule, as we lack any proof that such contributions were made by the petitioner. Kralstein v. Commissioner,38 T.C. 810, 819 (1962). Thus, we sustain the determination of the Commissioner as to the disallowance of these charitable deductions. The final issue for our decision is whether the petitioner may deduct $ 2,680 as a theft loss in 1973. Section 165(a) permits the taxpayer to deduct losses sustained during the taxable year and not compensated for by insurance or otherwise; an individual may deduct losses arising from theft to the extent that the amount of such loss from each theft exceeds $ 100. Sec. 165(c)(3)."Theft" is generally defined as larceny, embezzlement, and robbery. Sec. 1.165-8(d), Income Tax Regs. *190 The petitioner must prove that the theft actually occurred: Petitioner has the burden of proof. This includes presentation of proof which, absent positive proof, reasonably leads us to conclude that the article was stolen. If the reasonable inferences from the evidence point to theft, the proponent is entitled to prevail. If the contrary be true and reasonable inferences point to another conclusion, the proponent must fail. If the evidence is in equipoise preponderating neither to the one nor the other conclusion, petitioner has not carried her burden. [Allen v. Commissioner,16 T.C. 163, 166 (1951).] Elliott v. Commissioner,40 T.C. 304, 311 (1963); Jones v. Commissioner,24 T.C. 525 (1955). The Commissioner casts doubt on whether any theft did in fact occur and points to the lack of a police report and the petitioner's failure to collect insurance reimbursement for the alleged theft.It is true that the petitioner has produced no documentary evidence to show that the theft occurred. His testimony was the only evidence he presented. However, Mrs. Bodine also testified that a theft occurred in 1973 and satisfactorily *191 explained the failure to collect insurance reimbursement. Although the recollections of the petitioner and Mrs. Bodine differed as to who discovered the theft and which items were stolen, we feel that her testimony corroborates his as to the occurrence of the theft, and we find that a theft did occur in 1973. The petitioner has not established that all the items claimed were in fact stolen from his residence. He testified that the stolen goods were a stereo set, cameras, blender, radio, and typewriter; of those items, Mrs. Bodine claimed that only the stereo, radio, and typewriter were taken. In addition, she testified that other items not mentioned by the petitioner were also stolen. In view of these discrepancies in the testimony, we are convinced that only the items with respect to which both Mr. and Mrs. Bodine agreed were in fact stolen, and we find that only the typewriter, radio, and stereo were stolen. The petitioner must also prove the value of the items stolen in order to deduct them as losses. Sec. 1.165-7(b), Income Tax Regs.; Ternovsky v. Commissioner,66 T.C. 695, 698 (1976); *192 Millsap v. Commissioner,46 T.C. 751 (1966), affd. 387 F. 2d 420 (8th Cir. 1968). However, the petitioner only provided his estimates of the age of these items when the theft occurred and cost when they were purchased. Such testimony is not adequate proof of the original cost of such items or of their fair market value on the date of the theft. Consequently, we apply the Cohan rule and, bearing heavily against the petitioner, find that he sustained a theft loss of goods valued at $ 500 in 1973. To reflect our conclusions, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Also, whether the petitioner is entitled to relief under the mitigation provisions (secs. 1311 - 1315) is not now before us.↩