JAMES B. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 25392-81.
United States Tax Court
T.C. Memo 1984-82; 1984 Tax Ct. Memo LEXIS 587; 47 T.C.M. (CCH) 1123; T.C.M. (RIA) 84082; February 22, 1984. *587 Wife, who had no income, refused to sign original return because she had reservations about its correctness. After the original was filed as a joint return but without her signature, she signed a copy but only after being ordered to do so by the divorce court and after husband agreed to hold her harmless from any tax liability. Held, wife did not intend to file a joint return and petitioner is not entitled to joint return computation. On return petitioner claimed two losses from theft, the first being for currency found to be missing after a visit by an acquaintance of the petitioner, and the second from the burglary of a boat house. Held, further, first theft loss not allowable because proof fails to conclusively establish that currency was stolen and second loss not allowable because the Court cannot determine from the proof which items were stolen and their value. Gerald D. Colvin, Jr., for the petitioner. Linda J. Wise, for the respondent. SHIELDS
SHIELDS, Judge: Respondent determined a deficiency of $15,136.89 in the income tax due from petitioner for 1978. After concessions, the issues remaining for our decision are: (1) whether or not the petitioner is entitled to have the deficiency computed on the basis of a joint return; and (2) what amount, if any, is the petitioner entitled to deduct for theft losses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioner, James B. Anderson, resided in Russellville, Alabama, at the time the petition was filed in this case. The tax return for 1978 was filed with the Internal Revenue Service Center in Atlanta, Georgia. Status of Return
James B. Anderson and Jolene Anderson were married in 1968. They were divorced in May of 1981. For each of the years 1968 through 1977 they filed joint income tax returns but they separated in 1979 before the 1978 return was filed. After the separation, *590 petitioner asked Jolene to sign a joint return for 1978. She refused to do so because she believed the dependency exemptions claimed by petitioner on the proposed return were incorrect. Petitioner filed the return on June 14, 1979, as a joint return but without Jolene's signature. The divorce decree incorporated a written agreement in which Jolene agreed to sign the 1978 return and the petitioner agreed to assume and hold Jolene harmless from any liability on the return. The notice of deficiency was mailed by the respondent to the petitioner on July 21, 1981. On August 3, 1981, the divorce court ordered Jolene to sign the 1978 return. She complied by signing her name with the notation, "by court order." For 1978, Jolene was not employed, did not receive any taxable income, and did not file a separate return. Respondent determined that the return was not joint and computed the deficiency as if the petitioner had filed it as a married individual filing separately. Theft Losses
In 1978, petitioner and Jolene entertained an acquaintance on their yacht while at anchor in Freeport, Grand Bahama. After the acquaintance left, it was discovered that $1,950 in currency *591 which the petitioner had placed in Jolene's purse was missing. Petitioner concluded that the acquaintance stole the money and reported the theft to the local police. The cash was not recovered and there was no reimbursement by insurance. On the return for 1978 petitioner claimed a deduction in the amount of $1,850, after the $100 casualty loss exclusion under section 165. [1]
Petitioner and Jolene owned a boat house in Freeport, Grand Bahama, which was burglarized in December of 1978. Petitioner claimed a deduction in the amount of $6,400 for items allegedly stolen from the boat house. The amount of the deduction was based on his estimate of the value of the stolen property less the $100 exclusion. Respondent disallowed both deductions in their entirety. OPINION Status of Return
Petitioner contends that the 1978 return was a joint income tax return. Respondent maintains that it was not a joint return. Under section 6013(a) and (d)(3), spouses may file a joint return combining their income and deductions. [2] Under section 6061 and section *592 1.6013-1(a)(2), Income Tax Regs., a joint tax return generally must be signed by both spouses. We have held, however, that a return may be a joint return even though the signature of one spouse is missing, if both spouses intended to file a joint return. Estate of Campbell v. Commissioner,56 T.C. 1, 12-14 (1971); Estate of Temple v. Commissioner,67 T.C. 143, 164 (1976). Petitioner insists that Jolene refused to sign the 1978 return solely because of their marital difficulties. We have previously held that a spouse's refusal to sign a joint return, for reasons unrelated to the return, does not preclude the return from qualifying as a joint return. Federbush v. Commissioner,34 T.C. 740 (1960), *593 affd. 325 F.2d 1 (2nd Cir. 1963). In Federbush, we found that the spouse's refusal to sign the return was due to marital difficulties, rather than the content of the return. We concluded that a joint return had been filed. [3]
In this case Jolene's refusal to sign the return was not due solely to marital difficulties. Her refusal to sign was based upon her belief that petitioner was not entitled to some of the dependency exemptions that he had claimed. [4] Her statement to this effect is supported by the fact that she insisted upon an indemnity agreement as part of the court ordered property settlement. In addition, Jolene had no taxable income for 1978; therefore, it is not possible to infer to her an intent to file jointly by the inclusion of her income in the return. Cf. Januschke v. Commissioner,48 T.C. 496 (1967); Heim v. Commissioner,27 T.C. 270 (1956), affd. 251 F.2d 44 (8th Cir. 1958). *594 Petitioner relies upon Jolene's signature as further evidence that a joint return was filed. His reliance on such signature is misplaced. In Price v. Commissioner,T.C. Memo. 1975-7, we held that a court decree, incorporating an agreement whereby one spouse agrees to sign a return in exchange for the other spouse's promise to indemnify for any tax liability arising from the return, is not determinative of this issue. In Price, the taxpayer and his spouse had entered into such an agreement and the divorce court incorporated the agreement into the divorce decree and ordered the taxpayer's spouse to sign the return. Her reason for not signing was her belief that the return was not correct and thus to avoid the liabilities to which she would be exposed by signing. We held that a joint return had not been filed. We hold likewise in the instant case. Jolene never intended to file a joint return and her subsequent court ordered signature did not change that intent. Theft Loss
The second issue for decision in this case is what amount, if any, is petitioner entitled to deduct under section 165 for theft losses. Under section 165(c)(3), an individual *595 can deduct a theft loss to the extent that the amount of such loss exceeds $100. The burden of establishing both the existence of the theft and the amount of the loss is on the petitioner. Rule 142(a). [5]Elliott v. Commissioner,40 T.C. 304 (1963). Petitioner contends that his first theft loss in 1978 occurred in August when he discovered that $1,950 was missing from Jolene's purse after an acquaintance had visited on their yacht. It is well settled, however, that a theft loss may not be allowed on the mere suspicion of theft. The petitioner must present "proof which, absent positive proof, reasonably leads us to conclude that the article was stolen." Allen v. Commissioner,16 T.C. 163, 166 (1951). [6] Such proof is not present in this case on this item and hence we cannot sustain the deduction. Petitioner also claimed a theft loss in the amount of $6,500 for items allegedly stolen from the boat house in December of 1978. Respondent disallowed the entire *596 amount. In support of his claim petitioner presented his own testimony, a list which he prepared of the items allegedly stolen and his estimate of the value of those items totaling $12,645. [7] Despite petitioner's estimate that the value of the stolen items was $12,645, he claimed only a $6,500 deduction on his return. At trial, petitioner admitted that items on the list totaling $1,150 in value were not stolen in the 1978 burglary. In addition, both Jolene and her daughter testified that items listed by petitioner totaling at least $6,000 in value were not stolen. Further confusion is added by the fact that petitioner made no attempt to explain haw he arrived at the $6,500 deduction. We have no way of knowing whether or not the items apparently not stolen are included or excluded from the $6,500. Moreover, the maximum amount of a loss which can be taken under section 165(a) is limited to the lesser of the fair market value of the property immediately before the theft or its cost adjusted for any allowable depreciation. Sections 1.165-8, 1.165-7(a) and (b), Income Tax Regs. The petitioner has merely submitted a list of items without explaining whether the figures shown thereon *597 represent purchase price, value at the time of the theft, or estimated replacement value. *598 A taxpayer's testimony is sufficient to prove his right to a deduction in some cases, but it need not be accepted where it is "improbable, unreasonable, or questionable." Archer v. Commissioner,227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court. [8] In this case it is at the very least questionable, especially in view of the conflicting evidence. We are satisfied that petitioner suffered a theft loss, but he has failed to sustain his burden of proof as to what items were taken and the value of those items. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, in effect during the year in issue.↩
2. Section 6013(a) states: (a) Joint Returns.--A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions * * *. Section 6013(d)(3) states: (d) Special Rules.--For purposes of this section-- * * * (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.↩
3. See also Peirce v. Commissioner,T.C. Memo. 1982-154; Riportella v. Commissioner,T.C. Memo. 1981-463↩.
4. It appears from the record that Jolene's assertion is correct; however, respondent did not raise this issue and it is not before us at this time.↩
5. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
6. See also Gray v. Commissioner,T.C. Memo. 1954-225↩.
7. Petitioner claimed the following items were stolen from the boat house: ↩
Electrolux vacuum unit
$ 600.00
Life jackets 20 jackets at $10.00 each
200.00
Silverware
100.00
Blenders 3 at $50.00 each
150.00
Mixer 3 at $50.00 each
150.00
Color TV
350.00
Stereo system with speakers
750.00
Bath towel, Hand towel and Wash cloths 20 sets at $12
240.00
Blankets 6 at $20
120.00
Sheet, top and fitted, pillow cases 12 sets at $30
360.00
China 4 sets at $75
300.00
Decorator table
150.00
Broke 3 windows at $50
150.00
Broke sliding glass door
250.00
Air conditioner
600.00
Carpet, walls
300.00
Sofa and arm chair
1,000.00
Washer and Dryer
1,000.00
Stove G.E.
600.00
Refrigerator
600.00
Portable freezer
300.00
3 wall picture
100.00
Cooking pot and pans and skillets and 2 coffee pots
150.00
3 sets of foul weather gear $100 per set
300.00
2 unmounted compasses $250.00 each
500.00
Marine radio-New
650.00
Paddle dingy 2 at $25 each
50.00
300 feet of 9/16 dia. nylon rope
300.00
Danforth anchor
250.00
Anchor chain
50.00
12 insulated glasses $25 per set of 4 X 3
75.00
4 sets of deep sea fishing gear including fiberglass rod
and stainless steel reel 4 at $250
1,000.00
Box of fishing gear, plugs, hooks, lines, weights, etc.
250.00
Fish hook
50.00
Fish net
50.00
4 sets of snorkel gear, mask, flappers, breathing tubes,
etc. 4 sets at $75
300.00
4 stainless steel Hawaii spears 4 at $50
200.00
Curtains, lamps, etc.
100.00
TOTAL:
$12,645.00
8. See also Rosenfeld v. Commissioner,T.C. Memo. 1981-712↩.