T.C. Memo. 2021-66

UNITED STATES TAX COURT

MICHAEL TORRES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6954-19.                                     Filed June 2, 2021.

Christopher P. Housh, for petitioner.

Amy B. Ulmer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  Respondent determined a deficiency of $7,475, an

addition to tax pursuant to section 6651(a)(1) of $2,736, and an accuracy-related

penalty pursuant to section 6662(a) of $1,495 for 2016.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for

[*2] 2016, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After respondent's concessions,[1] the issues for consideration are whether petitioner is: (1) entitled to reduce his flowthrough income from his wholly owned S corporation, Water Warehouse, Inc. (Water Warehouse), for a theft loss deduction pursuant to section 165 or, in the alternative, a deduction for nonemployee compensation and (2) liable for an addition to tax for failure to timely file a return pursuant to section 6651(a)(1) for 2016.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in California when he timely filed his petition.

Petitioner and Elizabeth Ruzendall cofounded Water Warehouse, an S corporation for Federal income tax purposes. During 2016 petitioner was the sole shareholder, president, and chief executive officer. Around 2010 Ms. Ruzendall was no longer an owner, but she continued to manage Water Warehouse's books and records.

---

[1]The issue of whether petitioner is required to repay advance payments of the premium tax credit is computational.

**[*3]** During 2016 petitioner suffered from an illness that left him unable to work for Water Warehouse for most of the year and prevented his filing a timely Federal income tax return. At this time he was unable to read and relied upon others to handle the taxes of Water Warehouse. Pursuant to the advice of a bookkeeper, Water Warehouse issued Ms. Ruzendall Form 1099-MISC, Miscellaneous Income, reporting $166,494 in nonemployee compensation for 2016. In 2018 petitioner learned to read and started handling Water Warehouse's tax matters.

On July 18, 2018, petitioner filed a civil suit against Ms. Ruzendall in the Superior Court of California, County of Santa Clara. This suit included Water Warehouse as a plaintiff. On February 20, 2019, petitioner amended this suit by removing Water Warehouse as a plaintiff. Petitioner alleged in the amended complaint as well as the original complaint that Ms. Ruzendall had misappropriated funds from Water Warehouse. In his complaint petitioner alleged that on October 1, 2017, he had discovered Ms. Ruzendall's actions. Petitioner's civil suit remained pending in November 2020.

Petitioner's Federal income tax return for 2016 was due on April 18, 2017, but he filed his income tax return on or about July 8, 2018. On his 2016 Form 1040, U.S. Individual Income Tax Return, petitioner reported flowthrough income from Water Warehouse of $319,214. Water Warehouse did not timely file Form

**[\*4]** 1120S, U.S. Income Tax Return for an S Corporation, for 2016. On July 23, 2018, Water Warehouse filed Form 1120S for 2016.

On April 1, 2019, respondent issued petitioner a notice of deficiency. On April 16, 2019, Water Warehouse submitted an amended 2016 Form 1120S, which respondent neither accepted nor filed. On its amended 2016 Form 1120S, Water Warehouse reported an additional $166,494 in expenses for "outside services" for an alleged theft loss due to Ms. Ruzendall's embezzlement.

On April 16, 2019, petitioner submitted Form 1040X, Amended U.S. Individual Income Tax Return, for 2016, which was not accepted and filed. On his 2016 Form 1040X petitioner reduced his reported flowthrough income from Water Warehouse by $166,494 to $152,720, reflecting the increase in Water Warehouse's reported expenses.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

**[*5]**    Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; see Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Section 1366(a) provides that income, losses, deductions, and credits of an S corporation are passed through pro rata to its shareholders on their individual income tax returns.  The character of each item of income is determined as if it were realized directly from the source from which the corporation realized it or incurred in the same manner as it was by the corporation.  Sec. 1366(b).  A shareholder's gross income includes his or her pro rata share of the S corporation's gross income.  Sec. 1366(c).  Where, as here, a notice of deficiency includes adjustments for S corporation items with other items unrelated to the S corporation, we have jurisdiction to determine the correctness of all adjustments.  See Winter v. Commissioner, 135 T.C. 238 (2010).

**[*6]** Theft Loss Deduction

Section 165(a) allows a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise. Generally, to substantiate a theft loss deduction, the taxpayer must prove that a theft actually occurred under the law of the relevant State and the amount of the loss. See Nichols v. Commissioner, 43 T.C. 842, 884-885 (1965). The term "theft" is broadly defined to include larceny, embezzlement, and robbery. Normally, a loss will be regarded as arising from theft only if there is a criminal element to the appropriation of the taxpayer's property. See Edwards v. Bromberg, 232 F.2d 107, 110 (5th Cir. 1956).

In order to claim a theft loss deduction, the taxpayer must prove (1) that a theft occurred under the law of the jurisdiction wherein the alleged loss occurred, Monteleone v. Commissioner, 34 T.C. 688, 692 (1960); (2) the amount of the loss; and (3) the date the taxpayer discovered the loss, see sec. 165(e); Elliott v. Commissioner, 40 T.C. 304 (1963). The taxpayer bears the burden of proving by a preponderance of evidence that a theft actually occurred. Jones v. Commissioner, 24 T.C. 525, 527 (1955).

**[*7]**   The alleged theft occurred in California.  Certain requirements must be met under California law for a theft to have occurred.  Cal. Penal Code sec. 484(a) (West 2021) provides:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property * * * is guilty of theft. * * *

This statute consolidates the historic categories of larceny, theft by false pretenses, and embezzlement into the general crime of theft.  People v. Gonzales, 392 P.3d 437, 441-442 (Cal. 2017).  Proving a theft requires evidence meeting the elements of one of the consolidated offenses.  Id. at 442.

Petitioner alleges that he suffered a loss from embezzlement, which is defined under California law as "the fraudulent appropriation of property by a person to whom it has been intrusted".  Cal. Penal Code sec. 503 (West 2021). Pursuant to California law, embezzlement requires the following elements:  (1) the owner entrusted his or her property to the defendant; (2) the owner did so because he or she trusted the defendant; (3) the defendant fraudulently converted that property for his or her own benefit; and (4) when the defendant converted the

[*8] property, he or she intended to deprive the owner of its use.  People v.

Fenderson, 116 Cal. Rptr. 3d 17, 26 (Ct. App. 2010).

Intent to defraud is a question of fact to be determined from all the

circumstances of the case and usually must be proved circumstantially.  People v.

Fujita, 117 Cal. Rptr. 757, 765-766 (Ct. App. 1974).  Courts must examine the

evidence to determine whether an alleged thief behaved in a manner consonant

with an intent to defraud; a record establishing a mere ordinary breach of contract

or fiduciary duty will be insufficient to support a finding of a party's intent to

defraud.  See People v. Ashley, 267 P.2d 271, 282 (Cal. 1954).

During 2016 Ms. Ruzendall was involved with running Water Warehouse.

She testified that she ran the business in 2016 and that she paid herself.  Petitioner

testified that Ms. Ruzendall had "dr[awn] what she felt was her pay" for 2016.

Petitioner did not offer evidence that Ms. Ruzendall acted with the intent to

defraud.  Petitioner has not shown Water Warehouse experienced a theft meeting

the elements of embezzlement under California law.

Even if a theft pursuant to California law had occurred, petitioner would not

be entitled to a flowthrough loss deduction for 2016.  To claim a theft loss

deduction, the taxpayer must also establish the amount of the loss and the year in

which the loss was sustained.  See sec. 1.165-1(c) and (d)(1), Income Tax Regs.  A

[*9] loss arising from theft is generally treated as "sustained during the taxable year in which the taxpayer discovers such loss". Sec. 165(e). If in the year of discovery, the taxpayer has a "reasonable prospect of recovery" on a claim for reimbursement, the loss will not be sustained until "the taxable year in which it can be ascertained with reasonable certainty whether or not such reimbursement will be received". Sec. 1.165-1(d)(3), Income Tax Regs.

Whether a reasonable prospect of recovery exists is a question of fact to be determined upon an examination of all facts and circumstances. Id. subpara. (2)(i). "A reasonable prospect of recovery exists when the taxpayer has bona fide claims for recoupment from third parties or otherwise, and when there is a substantial possibility that such claims will be decided in his favor". Ramsay Scarlett & Co. v. Commissioner, 61 T.C. 795, 811 (1974), aff'd, 521 F.2d 786 (4th Cir. 1975). The determination as to whether there is a reasonable prospect of recovery is based primarily on objective factors; the taxpayer's subjective belief may also be considered, but it is not the sole or controlling criterion. Id.; see also Jeppsen v. Commissioner, 128 F.3d 1410, 1418 (10th Cir. 1997), aff'g T.C. Memo. 1995-342.

Petitioner did not provide evidence that he had discovered the loss in 2016. He testified that near the end of 2017 he had become suspicious of Ms.

[*10] Ruzendall's accounting for Water Warehouse. In his civil suit against Ms. Ruzendall, petitioner provided October 1, 2017, as the date of his discovery. Neither did he provide evidence that Water Warehouse had no reasonable prospect of recovery in 2016. Petitioner's civil suit against Ms. Ruzendall was filed in 2018 and was still pending in 2020. We sustain respondent's disallowance of petitioner's theft loss deduction.

Nonemployee Compensation

Petitioner contends that Water Warehouse is entitled to deduct the $166,494 that Ms. Ruzendall withdrew as a business expense pursuant to section 162(a)(1). Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); sec. 1.162-1(a), Income Tax Regs. An expense is "ordinary" if it is "normal, usual, or customary" in the taxpayer's trade or business or it arises from a transaction "of common or frequent occurrence in the type of business involved". Deputy v. du Pont, 308 U.S. 488, 495 (1940).

An expense is "necessary" if it is "appropriate and helpful" to the taxpayer's business, but it need not be absolutely essential. Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (quoting Welch v. Helvering, 290 U.S. at 113). The determination of whether an expense satisfies the requirements of section 162 is a

[*11] question of fact. Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)).

Petitioner alleged on his amended claim, filed against Ms. Ruzendall, that she took funds from Water Warehouse. The amended complaint does not mention that Ms. Ruzendall was entitled to compensation for services performed on behalf of Water Warehouse. Ms. Ruzendall testified that she took funds without petitioner's authorization.

Petitioner produced no evidence showing that Ms. Ruzendall was entitled to compensation. Accordingly, petitioner is not entitled to a deduction under section 162.

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax if the taxpayer fails to file his or her income tax return by the required due date (including any extension of time for filing). A taxpayer has the burden of proving that failure to timely file was due to reasonable cause and not willful neglect. See sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 447. A showing of reasonable cause requires the taxpayer to demonstrate that he exercised ordinary business care and prudence but was unable to file within the prescribed time. Sec. 301.6651-1(c), Proced. & Admin. Regs.

**[\*12]** Under section 7491(c) the Commissioner bears the burden of production with respect to the liability of the taxpayer for any additions to tax. See Higbee v. Commissioner, 116 T.C. at 446-447. Petitioner filed his 2016 income tax return after the due date. Therefore, respondent's burden of production has been met.

Petitioner testified credibly that he was not capable of handling his business because of his illness and not being able to read during 2016 and that he relied upon others. Petitioner's illness affected his ability to file a timely tax return for 2016. Once petitioner learned of problems regarding his 2016 taxes, he sought a new tax preparer. He also learned to read in 2018. Petitioner has shown reasonable cause, and therefore he is not liable for an addition to tax pursuant to section 6651(a)(1).

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.